# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| COCOON INNOVATIONS, LLC, | Case No. 18-cv-01875 |
| Plaintiff, | |
| v. | **Judge Matthew F. Kennelly** |
| TYFAMILY, et al., | **Magistrate Judge Jeffrey T. Gilbert** |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO MODIFY FINAL JUDGMENT ORDER AS TO DEFENDANT WHITELOTOUS

Plaintiff Cocoon Innovations, LLC ("Cocoon" or "Plaintiff") submits the following memorandum in support of its Motion to Modify the Final Judgment Order [43] under Fed. R. Civ. P. 60(b) as to the Defendant identified by the Amazon store name whitelotous (hereinafter, "Defendant").

## INTRODUCTION

Cocoon filed this action on March 15, 2018 [1] and soon thereafter filed an Amended Complaint [10]. On March 20, 2018, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") and subsequently converted the TRO [23] to a Preliminary Injunction [33]. Defendant contacted Plaintiff's counsel via e-mail in March 2018. Declaration of Mary F. Fetsco ("Fetsco Declaration") at ¶ 2. Plaintiff's counsel responded by providing information regarding this case and advising Defendant to obtain U.S. legal counsel. *Id.* Defendant was properly served via e-mail on April 6, 2018 pursuant to Paragraph 6 of the TRO. [23] at ¶ 6. Despite having actual notice of this case, Defendant did not file an answer or otherwise plead. *See* [40-1].

This Court entered Default and Default Judgment[1] on June 27, 2018 (hereinafter, the "Final Judgment Order"), finding defendants liable for willful trademark counterfeiting and awarding Cocoon $200,000 in statutory damages from each defendant, including Defendant whitelotous. [43]. When Defendant's Amazon Pay account was restrained on March 27, 2018, Amazon reported a balance of $9,678.92. On July 26, 2018, Amazon informed Plaintiff's counsel that Defendant's Amazon Pay account balance had increased to $299,040.00. Fetsco Declaration at ¶ 3. Based on this new information regarding the scope of Defendant whitelotous's operation, Plaintiff seeks to modify the Final Judgment Order as to Defendant whitelotous. Specifically, Plaintiff requests a modified statutory damages award of $400,000 against Defendant whitelotous, which is $200,000 per mark counterfeited by Defendant whitelotous. *See* Fetsco Declaration at ¶¶ 4-5.

## **ARGUMENT**

### I.  **NEW INFORMATION WARRANTS MODIFICATION OF THE FINAL JUDGMENT ORDER**

The substantial increase in Defendant's Amazon Pay account balance warrants modification of the June 27, 2018 Final Judgment Order. Rule 60(b)(1) permits modification of a final judgment for mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). In making a determination as to whether to modify a judgment under Rule 60(b)(1), the Court must take into account all relevant circumstances, including: (1) the danger of prejudice to the opponent of modification; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Helms v. Local 705 Int'l Bhd. of Teamsters Pension Plan*, 2002 U.S. Dist. LEXIS 3698, at *15-16 (N.D. Ill. Mar. 6, 2002)

---

[1] Defendant Can fly girl store was excepted from the Final Judgment and was subsequently dismissed on July 17, 2018. [44].

(citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997)).

Each of the factors weighs in favor of Plaintiff. To establish prejudice, the non-moving party must demonstrate that the delay resulted in a loss of evidence, increased difficulties in discovery, or permitted greater opportunities for fraud and collusion. *Helms*, 2002 U.S. Dist. LEXIS 3698, at *17 (citing *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Since Defendant chose not to participate in this Lawsuit, it cannot claim any prejudice. This Motion is also timely as Cocoon filed it within three business days of obtaining the new information and well before the one-year deadline provided for motions under Rule 60. Fed. R. Civ. P. 60(c)(1). Additionally, Amazon did not inform Plaintiff's counsel that the balance of Defendant's Amazon Pay account had increased to $299,040.00 until after the Final Judgment Order was entered. *See* Fetsco Declaration at ¶ 3. Cocoon dismissed the last remaining defendant in this Case on July 17, 2018 [44] and sent the Final Judgment Order to Amazon on July 18, 2018, requesting the transfer of relevant funds of all defaulting defendants. *Id.* It was not until July 26, 2018 that Amazon informed Plaintiff's counsel that the balance of Defendant's Amazon Pay account had increased to $299,040.00. *Id.* Finally, Plaintiff has not acted in bad faith in filing this Motion since it moved promptly as soon as new information became available regarding the scope of Defendant's operation.

The substantial increase in Defendant's Amazon Pay account balance also warrants modification of the June 27, 2018 Final Judgment Order under Rule 60(b)(2), which permits modification of a final judgment for newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). Fed. R. Civ. P. 60(b)(2). *Rocky Mountain Tool & Machine Co. v. Tecon Corp.*, 371 F.2d 589, 597 (10th Cir.

1966) (allowing court to modify interest award under *Rule 60(b)* even though such relief would have been untimely under Rule 59). As stated above, Amazon informed Plaintiff's counsel that the balance of Defendant's Amazon Pay account had increased to $299,040.00 on July 26, 2018, which is more than 28 days after Final Judgment Order was entered. *See* Fetsco Declaration at ¶ 3. Thus, modification of the final judgment is proper under Rule 60(b)(2) because the newly discovered evidence of the larger scope of Defendant's counterfeiting operation, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). Fed. R. Civ. P. 60(b)(2).

Alternatively, the substantial increase in Defendant's Amazon Pay account balance warrants modification of the June 27, 2018 Final Judgment Order under Rule 60(b)(6), which permits modification of a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This provision permits the lower court to modify a judgment "whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949); *see also Zimmerman v. Quinn*, 744 F.2d 81, 82-83 (10th Cir. 1984) (upholding 60(b)(6) modification of stipulated judgment to allow the receiving party to escape tax liability for the transferred amount for a one year period when both parties had expected funds transfer to occur within sixty days and it did not occur for almost eighteen months).

## II. A STATUTORY DAMAGES AWARD OF $400,000 IS APPROPRIATE

In light of new evidence regarding the scope of Defendant's operation, Plaintiff requests a modified statutory damages award of $400,000 against Defendant ($200,000 per each of two identified trademarks counterfeited by Defendant). Pursuant to the statutory damages provision of the Lanham Act, 15 U.S.C. § 1117(c), a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per

type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, 15 U.S.C. § 1117(c)(2) provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).

Although 15 U.S.C. § 1117(c) contains the dollar range for possible statutory damage awards, the only guidance provided by the statute for how to determine a damage award within the statutory dollar range is "as the court considers just." 15 U.S.C. § 1117(c). Courts interpreting 15 U.S.C. § 1117(c) have analogized case law applying the statutory damage provision of the Copyright Act contained in 17 U.S.C. § 504(c). *See Lorillard Tobacco Co. v. S&M Cent. Serv. Corp.*, 2004 U.S. Dist. LEXIS 22563, at *10 (N.D. Ill. Nov. 5, 2004); *Luxottica USA LLC v. The Partnerships, et al.,* 2015 U.S. Dist. LEXIS 78961, at *5 (N.D. Ill. 2015); *Sara Lee v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999).

The Seventh Circuit's standard for awarding statutory damages for copyright infringement under 17 U.S.C § 504(c) is articulated in *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991). Under the *Chi-Boy* standard, a court awarding statutory damages is "not required to follow any rigid formula," but instead "enjoys wide discretion." *Id*. In computing the award amount, a court may consider factors such as "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent." *Id*. Courts in this district have also considered the significant value of a plaintiff's brand and the efforts taken to protect, promote and enhance that brand in determining the appropriate dollar figure for the award. *Lorillard Tobacco Co.,* 2004 U.S. Dist. LEXIS 22563, at *16.

In addition, courts have awarded high damage amounts where a defendant's counterfeiting activities attracted wide market exposure through Internet traffic or advertisement. *See Coach, Inc. v. Ocean Point Gifts*, 2010 U.S. Dist. LEXIS 59003, at *15-16 (D.N.J. Jun. 14, 2010) (high damage awards in counterfeit cases were "due in part to the wide market exposure that the Internet can provide"); *Burberry Ltd. v. Designers Imports, Inc.*, 2010 U.S. Dist. LEXIS 3605, at *28-29 (S.D.N.Y. Jan. 19, 2010) (damages amount based, in part, on "Defendant's ability to reach a vast customer base through internet advertising").

In similar cases involving willful Internet-based counterfeiting, courts have awarded significant damages, including up to the maximum provided by law, to the plaintiff to serve the purposes of: (1) deterring the defendant and others situated like him from bringing into commerce counterfeit goods, (2) compensating the plaintiff for damages caused by defendant's infringement, and (3) punishing the defendant appropriately for his counterfeiting activities. *See, e.g., Philip Morris U.S.A. Inc. v. Castworld Prods.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003); *Burberry Limited, et al. v. The Partnerships, et al,* No. 14-cv-08220 (N.D. Ill. Dec. 11, 2014) (unpublished) (Docket Nos. 44 and 45) (awarding $2,000,000 in statutory damages per defendant); *Oakley, Inc. v. The Partnerships, et al.,* No. 13-cv-02958 (N.D. Ill. June 17, 2013) (unpublished) (Docket Nos. 36 and 37) (awarding $2,000,000 in statutory damages per defendant). Given the Court's clear discretion in determining the appropriate amount of the statutory damages award within the statutory limits of 15 U.S.C. § 1117(c), Cocoon respectfully requests the Court's entry of an award of four hundred thousand dollars ($400,000) against Defendant (which is $200,000 per each of two identified trademarks counterfeited by Defendant).

Additionally, the remedy imposed under the statute must provide a sufficient deterrent effect to ensure that the guilty party will not engage in further infringing conduct. *Sands, Taylor & Wood v. Quaker Oats Co.,* 34 F.3d 1340, 1348 (7th Cir. 1994). For example, in *Phillip Morris USA Inc. v. Marlboro Express*, the Court stated that due to, "the size of the potential profit given the quantities of [counterfeit goods] involved, and the need for a substantial deterrent to future misconduct by defendants and other counterfeit traffickers ... plaintiff is entitled to the maximum statutory award under 15 U.S.C. § 1117(c)(2)." 2005 U.S. Dist. LEXIS 40359, *28 (E.D.N.Y. Aug. 26, 2005).

Finally, in determining an appropriate damage award, this Court should be guided by the *Lorillard* case and consider the "significant value of [the Cocoon] brand and the efforts taken to protect, promote and enhance that brand." *Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS 22563, at *16. Cocoon spends considerable resources marketing and protecting the Cocoon brand and, as a result, the Cocoon brand is a multi-million dollar operation. [10] at ¶ 11. Thus, Cocoon's request for a high statutory damages award should be given favorable consideration in view of the value of the brand and the extensive steps being taken by Cocoon to protect, promote and enhance it.

In this case, the Court found Defendant liable for willful infringement, and Defendant counterfeited two of Plaintiff's registered trademarks. In light of the above considerations and the new evidence regarding the larger scope of Defendant's operation, a modified statutory damages award of $400,000 ($200,000 per each of two identified trademarks counterfeited by Defendant) is respectfully requested. *See Coach, Inc., v Does 1-100*, No. 13-cv-732, (N.D. Ill. March 28, 2013) (awarding $400,000 in statutory damages) (Kennelly, J.).

## CONCLUSION

Cocoon respectfully requests that the Court enter a modified Final Judgment Order as to Defendant whitelotous in the amount of $400,000 ($200,000 per each of two identified trademarks counterfeited by Defendant).

Dated this 31st day of July 2018.    Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Mary Fetsco
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jbloodgood@gbc.law
mfetsco@gbc.law

*Counsel for Plaintiff Cocoon Innovations, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of July 2018, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to whitelotous@sohu.com that includes a link to said website.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Mary F. Fetsco
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jbloodgood@gbc.law
mfetsco@gbc.law

*Counsel for Plaintiff Cocoon Innovations, LLC*